# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

**JIMI BRADLEY**, *Individually,*
*and on behalf of himself and other similarly*
*situated current and former employees*,

Plaintiff,

v.                                                                NO. _____

**MEMPHIS GOODWILL**                          **FLSA Opt-In Collective Action**
**INDUSTRIES, INC.**                               **JURY DEMANDED**

Defendant.

## PLAINTIFF'S ORIGINAL COLLECTIVE ACTION COMPLAINT

Named Plaintiff, Jimi Bradley ("Plaintiff"), individually, and on behalf of himself and all others similarly situated hourly-paid Donor Greeter employees as a class, brings this Fair Labor Standards Act ("FLSA") collective action against the Defendant Memphis Goodwill Industries, Inc. ("Defendant") and shows as follows:

### I.   NATURE OF SUIT

1. This lawsuit is brought against Defendant as a collective action under the FLSA, 29 U.S.C. § 201, *et seq.*, to recover unpaid overtime compensation and other damages owed to Plaintiff and other similarly situated current and former Donor Greeters of Defendant, as defined herein.

2. During all times material, Defendant violated the FLSA by failing to pay Plaintiff and those similarly situated for all hours worked over forty (40) per week within weekly pay periods at the rate of time and one-half their regular rate of pay, as required by the FLSA.

3. Plaintiff brings this action as a collective action pursuant to 29 U.S.C. § 216(b).

## II.   PARTIES

4. Plaintiff Jimi Bradley was employed by Defendant as an hourly-paid Donor Greeter within this district at all times material to this collective action. Mr. Bradley's consent to join form is attached as *Exhibit A*.

5. Defendant Memphis Goodwill Industries, Inc. is a Tennessee Corporation authorized to do business, and is currently doing business, in the State of Tennessee with its principal place of business being located at 6895 Stage Road, Memphis, Tennessee 38133-4015. According to the Tennessee Secretary of State, Defendant may be served via its Registered Agent Michael A. Martini at Defendant's principal place of business or wherever it may be found.

## III.   JURISDICTION AND VENUE

6. This Court has jurisdiction over this lawsuit because the suit arises under 29 U.S.C. § 201 *et seq.*

7. Venue is proper in this district under 28 U.S.C. § 1391(b)(2) because Defendant's principal place of business is located in this district, it does business in this district and Plaintiff was employed by and performed work for Defendant in this district during all times material to this action.

## IV.   CLASS DESCRIPTION

8. Plaintiff brings this action on behalf of himself and the following similarly situated persons as a class:

> All current and former hourly-paid Donor Greeters of Defendant during the applicable limitation's period (*i.e.* two (2) years for FLSA violations and three (3) years for willful FLSA violations) up to and including the date of final judgment in this matter including the Named Plaintiff and those who

elect to opt-in to this action pursuant to the FLSA, 29 U.S.C. § 216(b). (Collectively, "the class").

## V.   COVERAGE

9. At all times hereinafter mentioned, Defendant has been an "employer" within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

10. At all times hereinafter mentioned, Defendant has been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

11. At all times hereinafter mentioned, Defendant has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), because Defendant has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

12. Throughout the statutory recovery period applicable to this action, Defendant knew the law required that the employees who worked for them to be paid overtime for each hour they worked over forty (40) in any given workweek.

13. At all times material to this action, Plaintiff and those similarly situated, as employees of Defendant, were engaged in commerce during all times material to this collective action.

14. At all times material to this action, Defendant has been "employer" of Plaintiff and those similarly situated, as that term is defined by §203(d) of the FLSA.

15. At all times hereinafter mentioned, Plaintiff and those similarly situated were "employees" of Defendant as that term is defined in the FLSA and, individual employees engaged in

3

commerce or in the production of goods for commerce, as required by 29 U.S.C. §§ 206–207.

## VI.     FACTUAL ALLEGATIONS

16. Defendant's primary business, according to its website, "is to change the lives of people with disabilities and other barriers to employment through the power of work, education, and improvement."

17. Plaintiff Bradley was employed as an hourly-paid Donor Greeters of Defendant within this district at all times material to this action.

18. Plaintiff's job duties consisted of greeting and assisting donors with the unloading of donations from their vehicles, offering tax receipts to donors, and maintaining an accurate daily count of donations.

19. Plaintiff and those similarly situated regularly worked in excess of forty (40) hours per within weekly pay periods during the three (3) years preceding the filing of this collective action complaint.

20. At all times material, Defendant had a centralized time keeping system for the purpose of recording the hours worked by Plaintiff and those similarly situated which system involved a "clocking-in" and "clocking-out" process.

21. Defendant had a common plan, policy and practice of requiring, forcing, expecting and/or, suffering and permitting, Plaintiff and those similarly situated to perform work while not "clocked-in" to Defendant's time keeping system.

22. Specifically, prior to the beginning of shifts, Plaintiff and other Donor Greeters were required to move donations that were left outside of the facility overnight by donors inside to be sorted prior to "clocking-in" for their regularly scheduled shift.

23. Additionally, at the end of shifts, Plaintiff and other Donor Greeters were required to "clock-out" of the timekeeping system and continue to assist donors unload donations while "off the clock."

24. Plaintiff and those similarly situated, in keeping with Defendant's said policy, did perform work in excess of forty (40) hours per week within weekly pay periods, during all times material to this action, while not "clocked-in" to Defendant's time keeping for which time they were not compensated at the applicable FLSA overtime rates of pay.

25. Defendant knew and was aware it was not compensating Plaintiff and those similarly situated for the time they performed while not "clocked-in" to its centralized time keeping system.

26. Defendant failed to "edit-in" to its time keeping system or compensate Plaintiff and those similarly situated for the time they performed work while not "clocked-in" to its time keeping system at the applicable FLSA overtime rates of pay within weekly pay periods during all times material to this action.

27. Defendant's common plan, policy and practice of not compensating Plaintiff those similarly situated for all their compensable overtime hours at the applicable FLSA overtime rates of pay violated the provisions of the FLSA, 29 U.S.C. § 207(a)(1).

28. The aforementioned "off-the-clock" wage claims of Plaintiff and those similarly situated are unified though a common theory of Defendant's FLSA violations.

29. Defendant's failure to compensate Plaintiff and those similarly situated for the time they performed work in excess of forty (40) hours per week while not "clocked-in" to its time keeping system was willful with reckless disregard to the FLSA and, without a good faith basis for such conduct.

30. As a result of Defendant's lack of good faith and willful failure to pay Plaintiff and those similarly situated in compliance with the requirements of the FLSA, Plaintiff and class members have suffered lost wages in terms of lost overtime compensation as well as other damages.

31. The net effect of Defendant's common plan, policy, and practice of practice of failing to pay Plaintiff and those similarly situated one-and one-half times their regular hourly rates of pay for all hours worked over forty (40) within weekly pay periods during all times material to this collective action is it unjustly enriched itself and enjoyed ill-gained profits at the expense of Plaintiff and class members.

## VII. FLSA COLLECTIVE ACTION ALLEGATIONS

32. Plaintiff brings this case as a collective action on behalf himself and other similarly situated individuals pursuant to 29 U.S.C. § 216(b) to recover unpaid overtime compensation, liquidated damages, statutory penalties, attorneys' fees and costs, and other damages owed.

33. Plaintiff seeks to pursue his unpaid overtime wage claims against Defendant on behalf of himself, individually, and on behalf of himself and all other similarly situated Donor Greeters as a class.

34. Plaintiff and class members are "similarly situated" as the term is defined in 29 U.S.C. §216(b) because, *inter alia*, Defendant employed a common pay system that resulted in a failure to pay Plaintiff and class members for all hours worked over forty (40) at one and one-half times their regular hourly rates of pay, as required by the FLSA.

35. This action is properly maintained as a collective action because Plaintiff is similarly situated to the members of the collective class with respect to Defendant's time keeping, operational and compensation plans, policies and practices.

36. The collective action mechanism is superior to other available methods for a fair and efficient adjudication of this controversy. Defendant has acted or refused to act on grounds generally applicable to class members. The prosecution of separate actions could create a risk of inconsistent and varying adjudications, place a substantial and unnecessary burden on the courts and/or substantially impair the ability of class members to protect their interests.

37. Plaintiff will fairly and adequately protect the interests of the class as his interests are in complete alignment with those of class members, i.e. to pursue their aforementioned unpaid overtime compensation claims

38. Counsel for Plaintiff will adequately protect his interests as well as the interests of all putative class members.

39. Defendant knew Plaintiff and class members performed compensable work while not "clocked-in" to its time keeping system that resulted in excess of forty (40) hours per week within weekly pay periods and required overtime compensation to be paid as required by the FLSA. Nonetheless, Defendant operated under a common policy and practice to deprive Plaintiff and class members of such overtime compensation.

40. Defendant's conduct, as alleged herein, was willful with reckless disregard to the rights of Plaintiff and class members, which conduct caused significant damage to Plaintiff and the collective class.

41. Defendant did not have a good faith basis for its failure to compensate Plaintiff and class members for all their compensable overtime hours at the FLSA applicable overtime rates of pay within weekly pay periods during all times material to this action.

42. Therefore, Defendant is liable to Plaintiff and class members under the FLSA for failing to

properly compensate them for their aforementioned unpaid overtime pay.

43. Plaintiff requests this Court to authorize notice to the members of the collective class to inform them of the pendency of this action and their right to "opt-in" to this lawsuit pursuant to 29 U.S.C. § 216(b), for the purpose of seeking unpaid overtime compensation as well as liquidated damages under the FLSA, and the other relief requested herein.

44. Plaintiff estimates there are at least one hundred putative members of the collective class. The precise number of collective class members can be easily ascertained by examining Defendant's payroll, scheduling, timekeeping, personnel and other work-related records and documents.

45. Given the composition and size of the class, members of the collective class may be informed of the pendency of this action directly via U.S. mail, e-mail and by posting notice in all of Defendant's facilities.

46. Plaintiff and class members' unpaid overtime compensation claims may be determined partially by an examination of Defendant's payroll, scheduling, time keeping, personnel and other such work-related records and documents.

## COUNT I
**(Violation of the Fair Labor Standards Act)**

47. Plaintiff incorporates by reference all preceding paragraphs as fully as if written herein.

48. At all times material, Plaintiff and class members have been entitled to the rights, protections, and benefits provided under 29 U.S.C. § 201, *et seq*.

49. Defendant has been an "employer" engaged in interstate commerce consistent with 29 U.S.C. § 206(a) and 207(a). Plaintiff and class members also have engaged in interstate commerce during all times material to this action.

50. At all times material, Defendant was an "employer" of Plaintiff and each of the class

members, as such term is defined by the FLSA.

51. Plaintiff and class members were "employees" of Defendant within the meaning of the FLSA's overtime wage requirements.

52. Plaintiff and other class members have been similarly situated individuals within the meaning of the FLSA, 29 U.S.C. § 216(b) at all relevant times, as previously described.

53. As a result of Defendant's common plan, policy and practice of requiring, forcing, expecting and/or, suffering and permitting, Plaintiff and class members to perform work while not "clocked-in" to its time keeping system, resulting in such time being in excess of forty (40) hours per week within weekly pay period without compensating them for all such overtime hours at one and one-half times their regular rates of pay during such weeks, it violated the FLSA and is liable to them for such unpaid overtime.

54. Section 207(a)(1) of the FLSA states that an employee must be paid overtime, equal to at least one and one-half (1.5) times the employee's regular rate of pay, for all hours worked in excess of forty (40) hours per week. Pursuant to 29 C.F.R. § 778.315, compensation for hours worked in excess of forty (40) hours per week may not be considered paid to an employee unless that employee is compensated for all such overtime hours worked.

55. Through its actions, plans, policies and practices Defendant violated the FLSA by regularly and repeatedly failing to compensate Plaintiff and class members for all hours worked in excess of forty (40) per week at one and-one half times their regular hourly rates of pay within weekly pay periods during all times material to this Complaint, as required by the FLSA.

56. Defendant's actions were willful with reckless disregard of clearly applicable FLSA provisions.

57. Defendant's actions were not in good faith.

58. The unpaid overtime claims of Plaintiff and the class are unified through a common theory of Defendant's FLSA violations.

59. As a direct and proximate cause of Defendant's unlawful conduct, Plaintiff and class members have suffered and will continue to suffer a loss of income and other damages.

60. Therefore, Defendant is liable to Plaintiff and other members of the class for actual damages, liquidated damages and equitable relief, pursuant to 29 U.S.C. § 216(b), as well as reasonable attorneys' fees, costs and expenses.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff and class members request the Court to enter judgment in their favor on this Complaint and:

a) Award Plaintiff and class members FLSA statutory damages against Defendant;

b) Award Plaintiff and class members all unpaid overtime compensation against Defendant;

c) Award Plaintiff and class members for an amount equal to their unpaid overtime compensation, pursuant to the applicable FLSA wage and overtime rates;

d) Find and declare that Defendant's violations of the FLSA were willful, and accordingly, the three (3) year statute of limitations under the FLSA applies to this action;

e) Award Plaintiff and class members liquidated damages in accordance with the FLSA;

f) Award prejudgment interest (to the extent that liquidated damages are not awarded);

g) Award Plaintiff and the class members reasonable attorneys' fees and all costs of this action, to be paid by Defendant, in accordance with the FLSA;

h) Award post-judgment interest and court costs as allowed by law;

i) Enter an Order designating this action as an opt-in collective action under the FLSA;

j) Enter an Order directing the issuance of notice to putative class members pursuant to 29 U.S.C. § 216(b) for the claims of the class;

k) Allow Plaintiff to amend his Complaint, if necessary, as new facts are discovered;

l) Provide additional general and equitable relief to which Plaintiff and class members may be entitled; and

m) Provide further relief as the Court deems just and equitable.

Plaintiff hereby demands a **TRIAL BY JURY** as to all issues.

Dated: January 17, 2020.                    Respectfully Submitted,

*s/Gordon E. Jackson*
Gordon E. Jackson (TN BPR #8323)
J. Russ Bryant (TN BPR #33830)
Robert E. Turner, IV (TN BPR #35364)
Nathaniel A. Bishop (TN BPR #35944)
**JACKSON, SHIELDS, YEISER & HOLT**
Attorneys at Law
262 German Oak Drive
Memphis, Tennessee 38018
Telephone: (901) 754-8001
Facsimile: (901) 754-8524
*gjackson@jsyc.com*
*rbryant@jsyc.com*
*rturner@jsyc.com*
*nbishop@jsyc.com*

*ATTORNEYS FOR PLAINTIFF
AND FOR OTHERS SIMILARLY
SITUATED*