**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

| | | |
|---|---|---|
| JIMI BRADLEY, individually, and on behalf of himself and other similarly situated current and former employees, | ) ) ) ) | |
| Plaintiff, | ) ) | No. 2:20-cv-2039-SHL-tmp |
| v. | ) ) | |
| MEMPHIS GOODWILL INDUSTRIES, INC., | ) ) ) | |
| Defendant. | ) ) | |

**ORDER GRANTING JOINT MOTION TO APPROVE SETTLEMENT
AGREEMENT**

On January 17, 2020, Plaintiff Jimi Bradley filed a Complaint against Defendant

Memphis Goodwill Industries, Inc. on behalf of himself and other similarly situated current and

former Donor Greeters employed by Defendant, alleging violations of the Fair Labor Standards

Act ("FLSA"), 29 U.S.C. § 201 et seq. (ECF No. 1). On August 7, 2020, the Court granted

Plaintiff's Motion for Conditional Certification and authorized his claims to proceed as a

collective action. (ECF No. 26.) Thirty individuals joined this suit as Opt-in Plaintiffs. After

limited discovery and mediation, the Parties reached a settlement. (ECF Nos. 61; 63 at PageID

254.) In their Joint Motion to Approve Settlement Agreement, (ECF No. 63), the Parties seek

approval of their proposed Settlement Agreement. (ECF No. 63-1.) For the following reasons,

the Court **GRANTS** the Motion.

**BACKGROUND**

The Complaint here alleges that Defendant failed to pay Bradley overtime compensation

for all hours worked in excess of 40 in a work week. (ECF No. 1 at PageID 4.) He alleges that,

in the three years preceding the start of this action, Defendant employed him as an hourly-paid

Donor Greeter.  His employment duties included, among other things, assisting donors unload

donations from their cars and retrieving and sorting through donations left outside of

Defendant's facility.  He alleges that Defendant had a common policy that required him and

other similarly situated employees to perform this work "while off the clock," and that they

worked in excess of 40 hours by adhering to this policy.  (Id. at PageID 4-5.)  He alleges that

Defendant (1) knew that Donor Greeters who kept this policy worked over 40 hours per week

and (2) knew that it was not compensating them at the applicable FLSA overtime rate for this

labor.  (Id. at PageID 5.)  He seeks FLSA statutory damages, back wages, liquidated damages,

attorneys' fees and expenses and post-judgment interests.  (Id. at PageID 10.)

Defendant filed an Answer to the Complaint on February 14, 2020, (ECF No. 13),

denying Bradley's allegations that it violated the FLSA.  On December 30, 2021, the Parties filed

their Joint Motion for Approval of Settlement Agreement.  (ECF No. 63.)  Per the Motion and

attached proposed Settlement Agreement, the settlement totals $60,000.00.  (Id. at PageID 254.)

Of this amount, Defendant agrees to pay Bradley and Opt-in Plaintiffs a total of $15,009.66 in

unpaid wages.[1]  Additionally, Bradley has been allocated $5,000 as a service award for his work

in the litigation, and each Opt-in Plaintiff deposed in this matter has been awarded $250.00 as a

---

[1] The Parties note that Opt-in Plaintiffs Angel Segrest and Howard Ferlando did not have claims
within the lookback period for this action, and that Opt-in Plaintiff Deandre Griffin did not work
enough hours during his employment to state a viable claim for overtime compensation.  (ECF
No. 63 at PageID 255.)

The Parties also note that three Opt-in Plaintiffs, Willie Clayborn, Tierney Terry and Tiachunte
Wilson, are to be dismissed from this lawsuit without prejudice because they failed to cooperate
during discovery by preventing Defendant from obtaining their depositions.  (ECF No. 63-1 at
PageID 270.)

service award . (Id.)  Lastly, Defendant agrees to pay Plaintiffs' Counsel $38,740.34 in attorneys' fees and costs.  (Id.)

## ANALYSIS

The FLSA provides, in pertinent part, that an employer who engages in certain prohibited practices, like failing to pay overtime, shall be liable to a covered employee for back wages and liquidated damages.  See 29 U.S.C. § 216(b).  Once a covered employee files an FLSA claim pursuant to this provision, the only two ways that the claim may be resolved through an agreement of the parties are if (1) the Secretary of Labor supervises the payment of back wages or (2) the employer and employee present the proposed settlement to the district court for approval.  Lynn's Food Stores, Inc. v. United States ex rel. U.S. Dep't of Labor, 679 F.2d 1350, 1352–53 (11th Cir. 1982).  The Parties have taken the second route, presenting a proposed Settlement Agreement to this Court for approval.  (ECF No. 63.)

A district court must scrutinize a proposed FLSA settlement for fairness and determine whether it is a "fair and reasonable resolution of a bona fide dispute over FLSA provisions." Lynn's Food Stores, 679 F.2d at 1355; Nutting v. Unilever Mfg. (U.S.) Inc., No. 2:14-cv-02239, 2014 WL 2959481, at *3 (W.D. Tenn. June 13, 2014).  In this analysis, the Court examines three factors: (1) whether the settlement was achieved in an adversarial context, (2) whether the plaintiffs were protected by attorneys who can protect their rights and (3) whether the settlement reflects a fair and reasonable compromise of the issues in dispute.  Lynn's Food Stores, 679 F.2d at 1354.  As to fairness and reasonableness of the settlement, the Court examines additional factors:

> (1) the existence of fraud or collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the probability of plaintiff's success on the merits; (5) the range of possible recovery; and (6) the opinions of the counsel.

Nutting, 2014 WL 2959481, at *3 (quoting Dees v. Hydradry, Inc., 706 F.Supp.2d 1227, 1241 (M.D. Fla. 2010)).

Here, the Court finds that the proposed Settlement Agreement is a fair and reasonable resolution of a bona fide FLSA dispute. First, the settlement was achieved in an adversarial context, as evidenced by the pleadings filed by experienced counsel. (ECF Nos. 1, 10.) Indeed, the Parties maintain their respective allegations and defenses.

Second, the proposed Settlement Agreement is fair and reasonable. The calculation of compensation to the named Plaintiff and the Opt-in Plaintiffs is based on the "higher end" of unpaid overtime claimed and uses a formula developed by Plaintiff's counsel. (ECF No. 63 at PageID 259.) In addition, although attorneys' fees and costs are more than half of the total settlement amount, that figure was negotiated after relief to Plaintiffs was agreed to and reflects the many hours logged by counsel in this case. Finally, Plaintiffs agree that this is a reasonable and fair payment for a release of his FLSA claims given the defenses and risks associated with continued litigation. (Id. at PageID 260.)

As for the Nutting factors, the Court finds no evidence of fraud or collusion. See Nutting, 2014 WL 2959481, at * 3. Moreover, settlement now will avoid additional expenditures of time and resources in later litigation. The range of possible recovery is relatively fixed and defined by statute, so there is little risk that the proposed Settlement Agreement will deprive Plaintiff of a fair result. See 29 U.S.C. § 216(b). Finally, counsel for the Parties indicate their support for the proposed Settlement by conferring and filing this Joint Motion. Thus, this proposed Settlement is fair and reasonable.

**CONCLUSION**

For the foregoing reasons, the Court **GRANTS** the Motion.

**IT IS SO ORDERED,** this 15th day of March, 2022.

s/ Sheryl H. Lipman
SHERYL H. LIPMAN
UNITED STATES DISTRICT JUDGE